1  NICHOLAS M. WAJDA (State Bar #259178)
2  Attorney Email Address: nick@wajdalawgroup.com
   WAJDA LAW GROUP, APC
3  11400 West Olympic Boulevard, Suite 200M
   Los Angeles, California 90064
4  Telephone: (310) 997-0471
   Facsimile: (866) 286-8433
5  *Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| THOMAS SCHNEIDER, | Case No. 2:19-cv-01119 |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** |
| RASH, CURTIS & ASSOCIATES, | **2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.** |
| Defendant. | **3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
|  | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes THOMAS SCHNEIDER ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of RASH, CURTIS & ASSOCIATES ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA")

1

under 47 U.S.C. § 227 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Los Angeles County, California, which is located within the Central District of California.

5. Defendant promotes that it "has provided accounts receivable solutions to organizations seeking off-site revenue recovery services."[1] Defendant is a corporation organized under the laws of the state of California with its principal place of business at 190 S. Orchard Avenue, Suite A-200, Vacaville, California 95688-3647. Defendant regularly collects upon consumers located in the state of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] http://rashcurtis.com/services/

**FACTS SUPPORTING CAUSES OF ACTION**

7. On or around June 5, 2017, Plaintiff received a series of medical services from Anesthesia Association of Ventura County ("AAVC").

8. Due to financial hardship, Plaintiff defaulted on his payments to AAVC, thus incurring an outstanding obligation bearing account number 3341872 in the amount of $3,919.07 ("subject debt").

9. On September 22, 2017, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Central District of California under case number 2:17-bk-21692-ER ("bankruptcy").

10. Thereafter, on January 8, 2018, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case of all dischargeable debts, including the subject debt.

11. On February 4, 2019, Plaintiff received an automated text message on his cellular phone, (213) XXX-8877, from Defendant attempting to collect upon the subject debt.

12. Defendant's entire text message contained the following language: "Hello, this is an attempt to collect a debt. Please call our office at 866-729-2722. Ref# 3341872. Sincerely Rash Curtis & Asso. | Reply STOP to opt out[.]"

13. Deceptively, Defendant failed to disclose itself as a debt collector.

14. The contents and format of Defendant's text message are indicative that an automated system was used to send it.

15. Plaintiff has never had a relationship with Defendant. Consequently, Plaintiff has not provided Defendant with consent to contact him using an automated message.

16. Concurrently, on February 4, 2019, Defendant also mailed or caused to be mailed a collection letter to Plaintiff attempting to collect upon the subject debt.

17. Defendant's collection attempts worried and confused Plaintiff, because Defendant attempted to collect upon a debt that Plaintiff does not owe.

18. Frustrated over Defendant's conduct, Plaintiff spoke with Wajda regarding his rights.

19. Plaintiff has incurred costs and expenses consulting with and retaining his attorneys as a result of Defendant's conduct.

20. Plaintiff has suffered concrete harm due to Defendant's conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

21. Plaintiff has been misleading lead to believe that his bankruptcy discharge had no effect due to the conduct of Defendant.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit Collection Professionals, an association of debt collectors, since 1978.[2]

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a.  Violations of FDCPA § 1692e**

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

---

[2] https://www.acainternational.org/search#memberdirectory

4

28. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11)."

29. Defendant violated §1692e, e(2), and e(10) when it deceptively represented that it had the legal authority to collect upon the subject debt. By law, Plaintiff is no longer responsible to pay the subject debt and the subject debt is no longer lawfully collectible. Nevertheless, Defendant explicitly held itself as legally entitled to collect upon the subject debt when the debt was not owed at all times relevant to this action. Defendant's explicit actions highlight its willingness to collect from innocent consumers that are not obligated to pay.

30. Defendant also violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector in its text messages to Plaintiff. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to receive payment from Plaintiff.

### b. Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is

expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

33. Defendant violated §1692f(1) by attempting to collect a debt that was uncollectible as a matter of law. Defendant is precluded from collecting upon the subject debt. Consequently, Defendant's actions are unfair and unconscionable as they highlight Defendant's disposition to collect from innocent consumers.

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector.

WHEREFORE, Plaintiff, THOMAS SCHNEIDER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded messages

6

without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

37. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The contents and format of Defendant's text message suggest the use of an ATDS.

38. Defendant violated the TCPA by sending *at least* one automated text message to Plaintiff's cellular phone using an ATDS without his consent.  Plaintiff has never had a relationship with Defendant, so he has not provided it with his phone number or with consent to contact him using an ATDS.

39. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

40.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, THOMAS SCHNEIDER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

43. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

44. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a. Violations of RFDCPA § 1788.17**

45. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

46. As outlined above, through its attempts to collect upon the subject consumer debt, Defendant violated § 1788.17; and §§1692e, and f.  Defendant unlawfully attempted to collect upon a debt that is not owed, thus confusing Plaintiff of his rights and obligations. Moreover, Defendant failed to disclose itself as a debt collector in its text message to Plaintiff, thus obscuring Plaintiff's rights under the law.

47. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, THOMAS SCHNEIDER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: February 14, 2019            Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com