1  David R. Casady, Esq. (SBN 273282)
   Amanda N. Griffith, Esq. (SBN 288164)
2  BERMAN BERMAN BERMAN
   SCHNEIDER & LOWARY, LLP
3  2390 Professional Drive
   Roseville, California 95661
4  Telephone: (916) 846-9391
   Facsimile: (916) 672-9290
5
   Attorneys for Defendant
6  RASH CURTIS & ASSOCIATES

7

8              UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | THOMAS SCHNEIDER,              ) CASE NO: 2:19-CV-01119-MWF (SKx)
                                    )
12 |     Plaintiff,                 ) **DEFENDANT, RASH CURTIS &**
                                    ) **ASSOCIATES' MEMORANDUM OF**
13 | vs.                            ) **POINTS AND AUTHORITIES IN SUPPORT**
                                    ) **OF MOTION TO DISMISS PLAINTIFF'S**
14 | RASH CURTIS & ASSOCIATES,      ) **COMPLAINT[FRCP, Rule 12(b)(1)]**
                                    )
15 |     Defendant.                 ) Date:    May 6, 2019
                                    ) Time:    10:00 a.m.
16                                  ) CRTRM: 5A
                                    )
17                                  )

18       Defendant RASH CURTIS & ASSOCIATES brings this Motion to Dismiss pursuant to Federal

19 Rule of Civil Procedure, Rule 12(b)(1) and 12(b)(6) and respectfully requests this Court to dismiss the

20 claims brought by Plaintiff THOMAS SCHNEIDER pursuant thereto. Plaintiff has pled three purely

21 statutory claims for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), its

22 state law equivalent – California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and, the

23 Telephone Consumer Protection Act ("TCPA").

24       As discussed in great detail *supra*, Plaintiff's claims under the FDCPA [and TCPA] are

25 preempted by the Bankruptcy Code. Additionally, Plaintiff's claim under the TCPA improperly pleads

26 the element of consent [and/or revocation].

27 ///

28 ///

# I. ALLEGATIONS IN THE OPERATIVE COMPLAINT

## A. Factual Allegations

The factual allegations as alleged by Plaintiff which are pertinent and material to this instant Motion are as follows:

- On or around June 5, 2017, Plaintiff received a series of medical services from Anesthesia Association of Ventura County ("AAVC") [herein also "original creditor"]. (Complaint ¶7.)

- Due to financial hardship, Plaintiff defaulted on his payments to AAVC, thus incurring an outstanding obligation bearing account number 3341872 in the amount of $3.919.07 ("subject debt"). (Complaint ¶8.)

- On September 22, 2017 Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Central District of California under case number 2:17-bk-21692-ER ("bankruptcy"). (Complaint ¶9.)

- Thereafter, on January 8, 2018, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case of all dischargeable debts, including the subject debt. (Complaint ¶10.)

- On February 4, 2019, Plaintiff received an automated text message on his cellular phone, (213) XXX-8877, from Defendant attempting to collect upon the subject debt. (Complaint ¶11.)

- Consequently, on February 4, 2019, Defendant also mailed or caused to be mailed a collection letter to Plaintiff attempting to collect upon the subject debt. (Complaint ¶16.)

- Plaintiff has been misleading [sic] lead to believe that his bankruptcy discharge had no effect due to the conduct of Defendant. (Complaint ¶21.)

## B. Legal Allegations

Based on the foregoing [and the remaining allegations of the Complaint], Plaintiff alleges that Defendant violated the FDCPA and particularly 15 U.S.C. §§1692e(2), e(10), e(11) and, 1692f and f(1). The pertinent paragraphs of Plaintiff's Complaint are as follows:

- Defendant violated §1692e, e(2), and e(10) when it deceptively represented that it had the legal authority to collect upon the subject debt. By law, Plaintiff is no longer

responsible to pay the subject debt and the subject debt is no longer lawfully collectible. Nevertheless, Defendant explicitly held itself as legally entitled to collect upon the subject debt when the debt was not owed at all times relevant in this action… (Complaint ¶29.)

- Defendant also violated 15 U.S.C. §1692e, e(10), and e(11) through its failure to disclose itself as a debt collector in its text messages to Plaintiff… (Complaint ¶30.)

- Defendant violated §1692f(1) by attempting to collect a debt that was uncollectible as a matter of law. Defendant is precluded from collecting upon the subject debt. Consequently, Defendant's actions are unfair and unconscionable as they highlight Defendant's disposition to collect from innocent consumers. (Complaint ¶33.)

- Defendant violated § 1692f when it unfairly and unconscionable attempted to collect a debt by concealing its status as a debt collector. (Complaint ¶34.)

## II. LEGAL STANDARD FOR MOTION TO DISMISS

### A. Motion to Dismiss Pursuant to FRCP, Rule 12(b)(1)

A party may challenge the Court's subject matter jurisdiction by way of a motion to dismiss. See FRCP, Rule 12(b)(1); *Robinson v. U.S.*, 586 F.3d. 683, 685 (9th Cir. 2009). As observed most recently by the Eastern District of California and concisely stated:

> 'When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), **the plaintiff has the burden of proving jurisdiction in order to survive the motion.**' [Internal citations omitted.] 'Unless the jurisdictional issue is inextricable from the merits of the case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1).' [Internal citations omitted.] 'A suit brought by a plaintiff without Article III standing is not a case or controversy and an Article III federal court therefore lacks subject matter jurisdiction over the suit. *Cetacean Community v. Bush*, 386 F.3d. 1169, 1175 (9th Cir. 2004). **If the Court determines at any time that it lacks subject matter jurisdiction, 'the court must dismiss the action.'** FRCP, Rule 12(h)(3).

*Gadomski v. I.C. Systems*, 2018 U.S. Dist. LEXIS 39255 at * 4-5 (E.D. Cal. 2018) [emphasis added and internal citations omitted].

### B. Motion to Dismiss Pursuant to FRCP, Rule 12(b)(6)

The legal standard for a motion to dismiss pursuant to FRCP, Rule 12(b)(6) is well known. It is

widely recognized that the purpose of this motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A "claim" means a set of facts that, if established, entitle the pleader to relief. *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.' A claim has facial plausibility **when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged**.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009).

When evaluating a motion to dismiss, the Court is not required to accept a legal conclusion "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do." *Iqbal, supra*, 556 U.S. at 678.

Under *Iqbal, supra,* and *Twombly, supra* the sufficiency of the complaint is determined by a two-step process. First, bare legal conclusions are not accepted as true. *Iqbal, supra*, 556 U.S. at 678-679. Second, the court reviews the factual allegations to determine if they plausibly suggest entitlement to relief. *Iqbal, supra*, 556, U.S. at 678-81 (analyzing *Twombly*). As noted by the Supreme Court in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'

*Id.* At 678 [internal citations omitted].

### III. DISCUSSION

**A. Plaintiff's Alleged FDCPA Violations Are Preempted By The Bankruptcy Code.**

Plaintiff's pled cause of action under the FDCPA is premised on Defendant's alleged attempt(s) to collect a debt that had been discharged in bankruptcy. (Complaint ¶¶7-9.) Specifically,

Plaintiff pleads that Defendant violated 15 U.S.C. §§ 1692e and 1692f when it contacted Plaintiff to collect the allegedly discharged debt because it was no longer owed. (Complaint ¶¶29, 30, 33, 34.)

The basic allegations of Plaintiff's Complaint as discussed above are essentially alleged violations of 11 U.S.C. §524 – better known as the discharge injunction. This is so because the FDCPA violations turn on a determination of whether the debt was actually discharged. *Gusman v. Modern Adjustment Bureau*, 2011 U.S. Dist.LEXIS 69729 at *5 (C.D.Cal. 2011) [FDCPA claims premised on collection of an alleged discharge debt turned on whether the debt was actually discharged and thus, protected under the injunction]. If Plaintiff's alleged debt was not discharged, the communications could not have been harassing, false and misleading since the debt would have actually be owed.

But, Plaintiff cannot base his FDCPA claim(s) on an ostensible violation of the Bankruptcy Code. *Gadomski, supra*, 2018 U.S.Dist. LEXIS 39255 at *5 ["A Plaintiff cannot base an FDCPA claim on a violation of the Bankruptcy Code because the Ninth Circuit has rejected attempts to use the FDCPA as a remedy for a Bankruptcy Code violation."]. There are various Ninth Circuit cases where this principal finds its home; *Walls v. Wells Fargo* being the leading case.

In *Walls*, the Ninth Circuit declined to allow an FDCPA claim where it turned on whether the debt collector defendant violated the discharge injunction. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d. 502, 510 (9th Cir. 2002). In doing so, the Ninth Circuit observed that 11 U.S.C. §524 ["Section 524"] "governs the effect of a discharge injunction once a bankruptcy applicant is granted a successful bankruptcy discharge." *Gadomski, supra,* 2018 U.S. Dist. LEXIS 39225 at *11.

There, plaintiff filed a Chapter 7 bankruptcy petition and listed an obligation to Wells Fargo Bank. *Walls, supra*, 276 F.3d. at 503. Plaintiff received a discharge and, subsequently filed an FDCPA lawsuit alleging that Wells Fargo Bank attempted to collect the debt in violation of the automatic stay and discharge injunction. *Ibid.* Wells Fargo Bank moved to dismiss the FDCPA claims for lack of jurisdiction and the district court granted the motion. *Ibid*.

Plaintiff's appeal to the Ninth Circuit shortly followed. Therein, plaintiff argued that the FDCPA claims are "outside" of the closed bankruptcy proceeding and the FDCPA is needed to protect a discharged debtor. *Walls, supra*, 276 F.3d. at 503. Not so. In shutting down her theory, the

Ninth Circuit focused on the root of plaintiff's claims - *to wit* – were the statements actually false and misleading because the debt had been discharged? *Id.* at 509. This was a "bankruptcy laden determination." *Id.* at 515.

As the Ninth Circuit further explained:

> The Bankruptcy Code provides its own remedy for violating §524, civil contempt under §105. **To permit a simultaneous clam under the FDCPA would allow through the backdoor what Walls cannot accomplish through the front door -- a private right of action**. This would circumvent the remedial scheme of the Code under which congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtor's remedies for violating the discharge injunction to contempt… **Nothing in either Act persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA. While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code.**

*Walls, supra*, 276 F.3d. at 510 [emphasis added].

Ultimately, the Ninth Circuit did not allow the plaintiff's Section 1692f claim to proceed and, found it was precluded. *Id*. at 511 ["Because Wall's remedy for violation of §524 no matter how cast lies in the Bankruptcy Code, her simultaneous FDCPA claim is precluded."]. See also *Grossi v. Bosco Credit, LLC*, 2017 U.S.Dist. LEXIS 127316 at * 9 (N.D. Cal. 2017) [debtor's claims brought under 15 U.S.C. §1692e are preempted by the Bankruptcy Code].

The same result is required here. Plaintiff has expressly pled that his claims under the FDCPA [and RFDCPA] are a result of Defendant's attempt to collect a debt that is subject to the discharge injunction. (Complaint ¶¶29, 30, 33, 34 and. 45.) Consequently, like the plaintiff in *Walls*, Plaintiff cannot attempt to do through the back door what he cannot accomplish from the front – a private right of action. The determination of the claims falls on whether the debt was actually discharged. If it was not, then Defendant's alleged false representations and deceptive conduct would not have been false or deceptive at all. These bankruptcy laden determinations must be made by the Bankruptcy Court and, subject to the provisions set forth in the Bankruptcy Code.

///

///

### B. **Plaintiff Has Not Properly Pled The Consent Element Of His Alleged TCPA Claim.**

In order to properly plead a claim for violations of the TCPA, plaintiff must plead: (1) the defendant called a cellular telephone number (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. *Meyer v Portfolio Recovery Associates*, 707 F.3d. 1036, 1043 (9th Cir. 2012). The provision of a cell phone number to a creditor reasonably evidences prior express consent to be contacted at that number regarding the debt. *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1045 (9th Cir. 2017).

In the context of debt collection [specifically medical services], prior express consent is obtained when the recipient of the call provides his/her cellular telephone number to the creditor. *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1125-1126 (11th Cir. 2014).

Here, Plaintiff alleges that he incurred a medical debt with the original creditor. (Complaint ¶8.) However, Plaintiff does not allege that he did not provide the creditor with his cellular telephone number. Rather, Plaintiff alleges that he did not provide Defendant with his consent to be called. (Complaint ¶15 ["Plaintiff has never had a relationship with Defendant. Consequently, Plaintiff has not provided Defendant with consent to contact him using an automated message"].)

But, as noted above, Plaintiff need not provide his cellular telephone number directly to Defendant. Prior express consent is established with the provision of the cellular telephone number to the original creditor which Plaintiff fails to plead. *Mais, supra*, 768 F.3d at 1125-1126.

Accordingly, Plaintiffs allegations that he did not directly provide his cellular telephone number to Defendant are insufficient. Plaintiff has admitted the incurred debt was a medical debt. (Complaint ¶¶7-8.) Given the prevailing rule as articled by the Eleventh Circuit in *Mais, supra*, Plaintiff should be required to plead that consent was not given to the original creditor with whom he had the credit relationship. Otherwise, there is no plausible suggestion that Plaintiff is entitled to relief. *Iqbal, supra*, 556, U.S. at 678-81.

///

///

///

### C. **As A Matter Of Law, A Bankruptcy Discharge Does Not Revoke Consent To Be Called.**

"[C]onsumers may revoke consent in any manner that clearly expresses a desire not to receive further messages." *In re Rules Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd 7961, 7996 ¶63 (2015); see also *Van Patten, supra,* 847 F.3d at 1048 (9th Cir. 2017) ["Revocation of consent must be clearly made and express a desire not to be called or texted."]. Revocation must be made by the consumer and, not a third party. *Cholly v. Uptain Group, Inc.*, 2015 U.S.Dist.LEXIS 171415 at *7 (N.D. Ill. 2015) ["To begin, the FCC's order provides that the consumer, not a third party, may revoke any prior consent that was given to the caller."]. *Cholly, supra*, is particularly instructive under the present circumstances.

In *Cholly, supra*, plaintiff alleged that she continued to receive collection calls after the imposition of the automatic stay due to her filing for Chapter 7 bankruptcy protection. *Cholly, supra*, 2015 U.S.Dist.LEXIS 171415 at *1-2. "According to plaintiff, the automatic stay issued by the bankruptcy court in her Chapter 7 bankruptcy proceeding effectively revoked any consent that she may have given" for the collection agency to call her. *Id.* at 7. The *Cholly* Court disagreed.

In analyzing the FCC's 2015 Order, the *Cholly* Court determined that plaintiff, at best, implicitly revoked consent. *Cholly, supra*, 2015 U.S.Dist. LEXIS 171415 at *7-8. But, implicit is not the standard – it must be a clear expression of revocation. *Ibid*. See also *Van Patten, supra,* 847 F.3d at 1048 [cancelation of gym membership does not revoke consent]; *Goodson v. Designed Receivable Solutions, Inc.*, 2016 U.S.Dist. LEXIS 145015 at *10 (C.D.Cal. 2016) [stating the debt had been previously paid is not a clear revocation of consent]; *Hudson v. Sharpe*, 2014 U.S.Dist. LEXIS 87184 at *7-9 (S.D.Cal. 2014) [no revocation where defendant acknowledged that plaintiff should not have been called].

Here, the same reasoning applies. To the extent Plaintiff alleges that consent was revoked due to his bankruptcy proceeding, such fails as a matter of law. Plaintiff's revocation must have been clear and express – there is nothing which amounts to this alleged in the complaint and *Cholly, supra*, does away with any argument that revocation occurred as a matter of law.

///

### D. **Alternatively, Plaintiff's TCPA Claim Turns On A Determination Of Whether The Debt Was Discharged.**

Alternatively, should Plaintiff claim that the consent was revoked by his bankruptcy filing [in spite of the above], such an argument would depend on the debt actually being scheduled and discharged. This is similar to the argument above with regards to the FDCPA claims. Accordingly, the claims fall within the purview of the Bankruptcy Court. *Gusman, supra,* 2011 U.S.Dist. LEXIS 69729 at *4 [claims cannot be adjudicated without a determination that the debt was discharged and thus, the debtor protected by the discharge injunction].

### E. **The Court Should Decline Jurisdiction Of The Pendent State Law Claims.**

Assuming the Court dismisses the federal claims as discussed *supra*, Defendant insists that this Court decline to exercise pendent jurisdiction over the remaining RFDCPA claims. *.Jones v. Community Redevelopment Agency*, 733 F.2d 646, 651 (9th Cir. 1984) [stating that a trail court should dismiss pendent state claims when no federal claims remain].

## IV. CONCLUSION

Pursuant to the foregoing, Defendant respectfully requests that this Court dismiss Plaintiff's complaint in its entirety, or in the alternative, individually dismiss Plaintiff's causes of action under the FDCPA, RFDCPA and/or, TCPA.

DATED: April 5, 2019

BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP

*/S/ Amanda N. Griffith*
By:_____
DAVID R. CASADY, ESQ.
AMANDA N. GRIFFITH, ESQ.
Attorneys for Defendant,
RASH CURTIS & ASSOCIATES

I, Debbie A. Main, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 2390 Professional Drive, Roseville, CA 95661.

On April 5, 2019, I served the following document(s) on the parties in the within action:

| | |
|---|---|
| **X** | I hereby certify that on **April 5, 2019**, a copy of the foregoing list of documents were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.<br><br>**DEFENDANT, RASH CURTIS & ASSOCIATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT[FRCP, Rule 12(b)(1)]** |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on April 5, 2019.

By: _____

**Service List**

Nicholas M. Wajda, Esq.
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, CA 90064
Tel: (310) 997-0471
Fax: (866) 286-8433
Email: nick@wajdalawgroup.com
**Attorney for PLAINTIFF**
**THOMAS SCHNEIDER**

Nathan C. Volheim, Esq.
Director of Team Eagle
Atlas Consumer Law - Division of Sulaiman Law Ltd.
2500 S. Highland Ave., Ste.200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 – 8188
Email:nvolheim@sulaimanlaw.com
**ADMITTED PRO HAC VICE**