UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 19-1119-MWF (SKx) | **Date:** June 18, 2019 |
| **Title:** | Thomas Schneider v. Rash, Curtis and Associates | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER RE: MOTION TO DISMISS PLAINTIFF'S COMPLAINT [12]

Before the Court is Defendant Rash Curtis & Associates' Motion to Dismiss Plaintiff's Complaint (the "Motion"), filed on April 5, 2019. (Docket No. 12). Plaintiff Thomas Schneider filed an Opposition on May 6, 2019. (Docket No. 17). Defendant filed a Reply on May 13, 2019. (Docket No. 18).

The Court has read and considered the papers on the Motion, and held a hearing on May 20, 2019.

For the reasons set forth below, the Motion is **GRANTED** *in part* and *DENIED in part* as follows:

- **DENIED** as to Plaintiff's claim under 15 U.S.C. § 1962e(11) and **GRANTED** *without leave to amend* as to Plaintiff's remaining claims under the FDCPA. While Plaintiff's claim under § 1962e(11) does not involve a bankruptcy-laden determination, Plaintiff's other claims necessarily do and are therefore preempted by the Bankruptcy Code.

- **DENIED** as to Plaintiff's TCPA claim. Defendant fails to establish that there is no dispute of fact as to whether Plaintiff provided his cell phone number to the original creditor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 19-1119-MWF (SKx)**        **Date: June 18, 2019**
**Title:**     Thomas Schneider v. Rash, Curtis and Associates

- **DENIED** as to Plaintiff's RFDCPA claim. Because the Court does not dismiss Plaintiff's § 1962e(11) or TCPA claims, the Court exercises supplemental jurisdiction over Plaintiff's state law claim.

## I. BACKGROUND

The Complaint alleges the following facts, which the Court takes as true and construes in the light most favorable to Plaintiff. *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff") (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

In June 2017, Plaintiff received a series of medical services from Anesthesia Association of Ventura County ("AAVC"). (Complaint ("Compl.") ¶ 7 (Docket No. 1)). Due to financial hardship, Plaintiff defaulted on his payments to AAVC, thus incurring an outstanding obligation in the amount of $3,919.07 (the "Subject Debt"). (*Id.* ¶ 8).

On September 22, 2017, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Central District of California. (*Id.* ¶ 9). On January 8, 2018, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case of all dischargeable debts, including the Subject Debt. (*Id.* ¶ 10).

On February 4, 2019, Plaintiff received an automated text message on his cell phone from Defendant attempting to collect upon the Subject Debt. (*Id.* ¶ 11). The entire text message read in full: "Hello, this is an attempt to collect a debt. Please call our office at 866-729-2722. Ref# 3341872. Sincerely Rash Curtis & Asso. Reply STOP to opt out[.]" (*Id.* ¶ 12). That same day, Defendant also mailed or caused to be mailed a collection letter to Plaintiff attempting to collect upon the Subject Debt. (*Id.* ¶ 16).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-1119-MWF (SKx)**          **Date:  June 18, 2019**
**Title:     Thomas Schneider v. Rash, Curtis and Associates**

Plaintiff has never had a relationship with Defendant and therefore has not provided Defendant with consent to contact him using an automated message.  (*Id.* ¶ 15).

Plaintiff commenced this action on February 14, 2019, asserting three claims for relief: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f; (2) violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b); and (3) violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17.  (*Id.* ¶¶ 22-47).

## II.    LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 19-1119-MWF (SKx) | **Date:** June 18, 2019 |
| **Title:** Thomas Schneider v. Rash, Curtis and Associates | |

*Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers*, 729 F.3d at 960.

If a defendant seeks to challenge not the plaintiff's substantive allegations but the Court's subject matter jurisdiction, the motion to dismiss must be brought under Rule 12(b)(1). "Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court." *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 871 (S.D. Cal. 2019) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)). A jurisdictional attack under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the complaint's allegations must be accepted as true. *Id.* But "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In that case, facts tending to prove or disprove jurisdiction "are not afforded presumptive truthfulness." *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014).

### III. DISCUSSION

#### A. FDCPA Claims

Defendant argues that Plaintiff's claims under the FDCPA are preempted by the Bankruptcy Code. (Mot. at 4). Defendant explains that Plaintiff's claim that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-1119-MWF (SKx)**           **Date:  June 18, 2019**
**Title:**     Thomas Schneider v. Rash, Curtis and Associates

Defendant violated 15 U.S.C. §§ 1692e and 1692f are "essentially alleged violations of 11 U.S.C. § 524 [of the Bankruptcy Code] – better known as the discharge injunction[,] . . . because the FDCPA violations turn on a determination of whether the debt was actually discharged." (*Id.* at 5).  Under these circumstances, Defendant argues, Plaintiff's remedy lies in the Bankruptcy Code, not the FDCPA.  (*Id.* at 6).

In support, Defendant points to *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002), in which the Ninth Circuit explained:

> The Bankruptcy Code provides its own remedy for violating § 524, civil contempt under § 105.  To permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door – a private right of action.  This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt. . . . Nothing in either Act persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA.  While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code.

The Ninth Circuit concluded that, "[b]ecause Walls's remedy for violation of § 524 no matter how cast lies in the Bankruptcy Code, her simultaneous FDCPA claim is precluded."  *Id.* at 511.  Defendant argues that the same result is required here, as Plaintiff has expressly pled that his claims under the FDCPA and RFDCPA are a result of Defendant's attempt to collect a debt that is subject to the discharge injunction. (Mot. at 6).

In Opposition, Plaintiff attempts to distinguish *Walls* along the same lines as the district court did in *Forsberg v. Fidelity National Credit Services, Ltd.*, No. 03CV2193-DMS(AJB), 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004).  There, the district court determined that *Walls* did not apply to preclude plaintiff's claims under the FDCPA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-1119-MWF (SKx)            **Date:** June 18, 2019
**Title:**     Thomas Schneider v. Rash, Curtis and Associates

because, unlike the defendant in *Walls*, the defendant sued by Forsberg "was not specifically enjoined by the Bankruptcy Court from pursuing the debt." *Id.* at *7. Plaintiff explains that, similar to the situation in *Forsberg*, Defendant was not a party to the original bankruptcy, and it was therefore not specifically enjoined by the discharge injunction. (Opp. at 7-8).

In Reply, Defendant acknowledges the district court's holding in *Forsberg* but argues that to follow *Forsberg* would be to subject Defendant "to strict liability for the collection of an alleged discharge debt that it was never given notice of in the first instance." (Reply at 3). Defendant also argues that Plaintiff fails to address *Harvey v. AllianceOne Receivables Management, Inc.*, No. CV-10-5091-RMP, 2011 WL 2791078 (E.D. Wash. July 18, 2011) in his Opposition. (Reply at 3). There, the district court concluded that *Walls* precludes an award of damages under the FDCPA for alleged violations of § 524 of the Bankruptcy Code by the defendant debt collection agency despite the bankruptcy notice being sent to the original creditor. *Id.* at *2. Defendant argues further that § 524 does not expressly exclude a creditor from being held in civil contempt solely because it was not given original notice of the bankruptcy. (Reply at 6).

The Court agrees with Defendant. In *Walls*, the Ninth Circuit emphasized that an FDCPA claim based on an alleged violation of § 524 would "entail bankruptcy-laden determinations" more appropriate for a bankruptcy court. *Walls*, 276 F.3d at 510. And indeed, more recent authority from the same district as in *Forsberg* dismissed an FDCPA claim despite the fact that defendant was not served with a discharge injunction because "Plaintiff's allegations are dependent on the discharged nature of the debt and are properly addressed under the remedial scheme provided for in the Bankruptcy Code." *Scally v. Ditech Fin., LLC*, No. 16CV1992-WQH-WVG, 2017 WL 371996, at *6 (S.D. Cal. Jan. 26, 2017).

Plaintiff argues further, however, that even if the Court determines that Plaintiff's claims stemming from Defendant's attempts to collect upon a debt no longer due are preempted, Plaintiff has stated claims against Defendant which are "independent of and have no relation to his bankruptcy" that the Motion fails to

**CIVIL MINUTES—GENERAL**            6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-1119-MWF (SKx)**              **Date:  June 18, 2019**
**Title:**     Thomas Schneider v. Rash, Curtis and Associates

address.  (Opp. at 12).  Specifically, Plaintiff argues that the Complaint includes a claim against Defendant for failing to provide the disclosures required by 15 U.S.C. § 1962e(11).  (*Id.* at 13).  15 U.S.C. § 1962e(11) provides in relevant part:

> The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . . .

*Id.*  Plaintiff argues that under this section of the statute, Defendant was required to state in its text message to Plaintiff that "any information obtained would be used for the purpose of debt collection" and "that the communication was from a debt collector."  (Opp. at 13).  At the hearing, Plaintiff reiterated his argument that a claim under § 1962e(11) does not involve bankruptcy-laden determinations.

In its Reply, Defendant argues that Plaintiff's claim under 15 U.S.C. § 1962e(11) is likewise preempted, as it involves a determination of whether Defendant was collecting upon a "debt," which depends on whether or not the debt was actually discharged in the bankruptcy proceeding.  (Reply at 6).  However, other courts in this Circuit have determined that claims under 15 U.S.C. § 1962e(11) "do not involve bankruptcy-laden determinations[.]"  *Orchard v. JPMorgan Chase Bank, N.A. (In re Orchard)*, No. 09-65380-TMR13, 2013 WL 6254037, at *6 (Bankr. D. Or. Dec. 4, 2013); *Church v. Onewest Bank FSB*, No. CIV. 10-1057-HU, 2011 WL 2419896, at *1 (D. Or. June 15, 2011) (same).

Accordingly, the Motion is **DENIED** as to Plaintiff's claim under 15 U.S.C. § 1962e(11) and **GRANTED** *without leave to amend* as to Plaintiff's other claims under the FDCPA.

### B. TCPA Claim

Defendant argues that Plaintiff's allegations that he did not directly provide his cell phone number to Defendant are insufficient to establish a violation of the TCPA

---

**CIVIL MINUTES—GENERAL**                                                               7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 19-1119-MWF (SKx) | **Date:**  June 18, 2019 |
| **Title:**     Thomas Schneider v. Rash, Curtis and Associates | |

because in the medical debt context prior express consent is established with the provision of a cell phone number to the original creditor, and Plaintiff fails to plead that consent was not given to the original creditor.  (Mot. at 7 (citing *Mais v. Gulf Cost Collection Bureau, Inc.*, 768 F.3d 1110, 1125-26 (11th Cir 2014))).

The elements of a TCPA claim are: "(1) the defendant called a cellular telephone; (2) using an automatic telephone dialing system ["ATDS"]; (3) without the recipient's prior express consent."  *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

The parties do not dispute that the Ninth Circuit views prior express consent as an affirmative defense to be raised and proven by a defendant.  (Opp. at 15; Reply at 8).  Plaintiff argues that a motion under Rule 12(b)(6) cannot be granted based upon an affirmative defense unless that "defense raises no disputed issue of fact."  (Opp. at 15 (quoting *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984))).  Plaintiff argues that whether Plaintiff provided the creditor with his cell phone number is a fact in dispute, and that Defendant cannot offer any evidence at this juncture to show an absence of a dispute on this fact.  (*Id.*).

The Court agrees with Plaintiff that a dispute of fact remains as to whether Plaintiff provided the creditor with his cell phone number; obviously, such a dispute cannot be resolved on a motion to dismiss (or perhaps even on summary judgment, depending on what discovery reveals).  Therefore, dismissal at this stage is unwarranted.

Accordingly, the Motion is **DENIED** as to Plaintiff's TCPA claim.

### C.     RFDCPA Claim

Defendant argues that in the event the Court dismisses both of Plaintiff's federal claims, Defendant "insists that this Court decline to exercise pendent jurisdiction over the remaining RFDCPA claims."  (Mot. at 9).  However, because the motion is denied in part as to Plaintiff's FDCPA claim and denied as to Plaintiff's TCPA claim, the Court will exercise jurisdiction over Plaintiff's state law claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 19-1119-MWF (SKx) | **Date:** June 18, 2019 |
| Title: Thomas Schneider v. Rash, Curtis and Associates | |

## IV.  CONCLUSION

For the reasons set forth above, the Motion is **GRANTED** *in part* and **DENIED** *in part* as follows:

- **DENIED** as to Plaintiff's claim under 15 U.S.C. § 1962e(11) and **GRANTED** *without leave to amend* as to Plaintiff's remaining claims under the FDCPA;

- **DENIED** as to Plaintiff's TCPA claim; and

- **DENIED** as to Plaintiff's RFDCPA claim.

Defendant shall file its Answer to the Complaint on or before **July 2, 2019**.

IT IS SO ORDERED.